IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACKIE CARTER,

                                          ORDER

                Plaintiff,

                                       09-cv-437-bbc

      v.

PETER HUIBREGTSE (Warden); MONICA
HORNER (Security Director); Mrs. JUDITH
HUIBREGTSE (Sgt. Mail Room); Capt. BOISE;
Lt. TOM; Ms. CHRISTINE BEERKIRCHER;
C.O. SCULLION; MARY MILLER (HSU);
Captain DYLAN RADTKE; Warden GREG
GRAMS; Security Director JANEL NICKEL;
Assist. Warden MARC CLEMENTS;
Lieutenant D. LIPINSKI; ICE MARY LEISER;
Sergeant KOTTA; Captain CANFEILD;
M.D. BURTON COX JR.; Assist Warden GARY
 BOUGHTON; Sergeant SICKENGER;
R.N. JOLINDA WATERMAN; Captain MASON;
ICE KELLY TRUMM; Sergeant CARPENTER;
ICE ELLEN K. RAY; C.O. TAYLOR; Capt. SHARPE;
C.O. MULLUSK; C.O. FREDRICK; C.O. GABENGER;
C.O. COKROFT; R.N. DARREN FOSTER;
C.O. BRINKMEN; C.O. JONES; R.N. MARIAN
HARTMAN; C.O. PEAK; C.O. FINNELL;
C.O. BELZ Sr.; Sgt. BLOYER; C.O. LEFTLER;
C.O. BELZ Jr.; R.N. DEBORAH CAMPELL; and
WDOC Secretary RICK RAEMISCH,

                            Defendants.

1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This the second of four proposed civil actions for injunctive and monetary relief brought under 42 U.S.C. § 1983 by plaintiff Jackie Carter, a prisoner at the Wisconsin Secure Program Facility in Boscobel, Wisconsin. Plaintiff asks for leave to proceed on this action under the in forma pauperis statute, 28 U.S.C. § 1915. From the financial affidavit plaintiff has given the court, I conclude that he is unable to prepay the full fee for filing this lawsuit. He has paid the initial partial payment of $11.30 as required under § 1915(b)(1).

As I noted in plaintiff's case no. 09-cv-427-bbc, the pending cases are not the only cases plaintiff has filed in this court. Plaintiff filed a case in 2007 that was dismissed with prejudice because he failed to file a complaint that satisfied Fed. R. Civ. P. 8. Carter v. Franks, no. 07-cv-713-bbc, 2008 WL 4630329 (W.D. Wis. June 4, 2008). Further, plaintiff's case no. 09-cv-427-bbc was recently dismissed because plaintiff failed to file a complaint that complied with Rule 8. As with his other complaints, plaintiff's current complaint fails to comply with Rule 8.

Rule 8 requires that a complaint (1) set forth a "short and plain statement of the grounds for the court's jurisdiction . . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Pursuant to Rule 8(d), "each allegation must be simple, concise and direct." Further, a complaint must contain allegations sufficient to "allow the court to draw the reasonable

2

inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). The allegations must provide more than the "sheer possibility" of liability to meet the requirements of Rule 8. Iqbal, 129 S. Ct. At 1949. What is required is *plausibility*. Id.

As with case No. 09-cv-427-bbc, the contents of plaintiff's complaint fail to comply with Rule 8. Plaintiff's complaint combines a quagmire of factual allegations with more than 40 defendants and countless vague claims. "The primary purpose of [Rule 8] is rooted in fair notice: Under Rule 8, a complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 775 (7th Cir. 1994) (quotations omitted). Plaintiff's complaint fails to comply with the notice requirement of Rule 8.

Plaintiff has named 42 separate defendants without specifying what each is alleged to have done to violate his constitutional rights. Instead, plaintiff's complaint provides vague allegations about numerous wrongdoings, including allegations that some group of defendants withheld various items from him, including "mail, papers, medications, toilet paper, everything" and allegations that some group of defendants "automatically flushed this industrial toilet that's extremely loud every 2-3 minutes to keep me awake all night long! They also beat the windows every (15) minutes with keys, flash lights, etc. then kicked the

3

door all night every night." Cpt., dkt. #1 at 6 & 7.  Even plaintiff's lists of which defendants withheld items from him or kept him up all night every night is deficient because he lists several defendants and then adds "about nine more C.O.'s" or he refers to "all (3rd) third shift" or he includes a list of defendants "and others."  Id.  Such vague allegations clearly violate Rule 8's notice pleading requirements.  A plaintiff must allege sufficient facts to put each defendant on notice of the wrongdoing with which he is being charged so that he can file an answer.  Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002); see also Vicom, Inc., 20 F.3d at 775-76 (courts are empowered to dismiss excessively wordy or confusing complaints when such complaints "make[] it difficult for the defendant to file a responsive pleading and make[] it difficult for the trial court to conduct orderly litigation.").  If plaintiff does not know the names of all the defendants he wishes to sue, he may refer to them as "John Doe defendants" and find out their identities through discovery after he has been allowed to proceed.

However, plaintiff must connect each named defendant to specific incidents of wrongdoing alleged in the complaint.  The court of appeals held in George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007), that prisoners may not "dodge" the fee payment or three strikes provisions in the 1996 Prisoner Litigation Reform Act by filing unrelated claims against different defendants in one lawsuit.  Instead, multiple claims of wrongdoing in a single lawsuit are proper only if they are asserted against the same defendants, Fed. R. Civ.

4

P. 18, or if the allegations "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

Plaintiff alleges that 42 people, including the director of the Wisconsin Department of Corrections, several wardens, assistant wardens, a warden's wife, several nurses, a doctor, complaint examiners and a group of correctional officers, were involved in violating his constitutional rights. He lists various alleged violations occurring daily from March 13, 2009 through July 5, 2009. The vagueness of plaintiff's allegations and the number of incidents he has alleged makes it is impossible to determine which defendants were involved in each of the various incidents: (1) property destruction; (2) falsified conduct reports; (3) holding plaintiff in solitary confinement indefinitely; (4) the withholding of items; (5) failure to treat medical conditions; and (6) physical abuse. Such "buckshot" complaints that allege different violations by different people are not proper. George, 507 F.3d at 607.

Because plaintiff's complaint is in violation of Rule 8 and appears likely to violate Rule 20 as well, I must dismiss it. However, I will allow plaintiff an opportunity to amend his complaint to fix the problems I have addressed. If plaintiff submits a proposed amended complaint no later than October 30, 2009 that complies with Rules 8 and 20, I will take it under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2). However, if he fails to conform his complaint to Rules 8 and 20, I will dismiss it.

5

Noting the difficulty plaintiff has had in submitting a complaint in compliance with Rule 8 in his previous cases and his current complaint's failure to satisfy Rule 8, I will again provide plaintiff with what I hope will be helpful guidance in filing a complaint that satisfies Rules 8 and 20. As plaintiff may remember, Rule 8 requires a complaint to be *short* and *plain*. His complaint should say no more than is necessary to put the defendants on notice of his charges of wrongdoing so that each one can understand the gist of what he or she allegedly did and defend against the claim.

It may help plaintiff in the drafting process to treat his amended complaint as if he were telling a story to people who know nothing about his situation. Someone reading the complaint should be able to answer the following questions:

- What are the facts that form the basis for plaintiff's claims?
- What did *each* defendant do that makes him or her liable for violating plaintiff's rights?
- How was plaintiff injured by a particular defendant's conduct?

If plaintiff follows these guidelines, he should be able to submit a version of his complaint that places each defendant on notice for his or wrongdoing.

As to Rule 20, the general idea is that if a claim against a particular defendant concerns a matter unrelated to his claim against a different defendant, the two claims do not belong in the same lawsuit. If plaintiff submits a proposed amended complaint that is in

6

violation of Rule 20, I will tell him which claims, if any, belong in separate lawsuits. However, I cannot make this determination until plaintiff submits a complaint that complies with Rule 8.

ORDER

IT IS ORDERED that plaintiff's complaint is DISMISSED because it is in violation of Fed. R. Civ. P. 8 and 20. Plaintiff may have until October 30, 2009, in which to submit a proposed amended complaint that complies with this rule. If, by October 30, 2009, plaintiff fails to file the required amended complaint or show cause for his failure to do so, this case will be dismissed without prejudice for plaintiff's failure to prosecute.

Entered this 20th day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge