IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACKIE CARTER,

                                               ORDER

              Plaintiff,

                                        09-cv-437-bbc

     v.

PETER HUIBREGTSE (Warden); MONICA
HORNER (Security Director); Mrs. JUDITH
HUIBREGTSE (Sgt. Mail Room); Capt. BOISE;
Lt. TOM; Ms. CHRISTINE BEERKIRCHER;
C.O. SCULLION; MARY MILLER (HSU);
Captain DYLAN RADTKE; Warden GREG
GRAMS; Security Director JANEL NICKEL;
Assist. Warden MARC CLEMENTS;
Lieutenant D. LIPINSKI; ICE MARY LEISER;
Sergeant KOTTA; Captain CANFEILD;
M.D. BURTON COX JR.; Assist Warden GARY
BOUGHTON; Sergeant SICKENGER;
R.N. JOLINDA WATERMAN; Captain MASON;
ICE KELLY TRUMM; Sergeant CARPENTER;
ICE ELLEN K. RAY; C.O. TAYLOR; Capt. SHARPE;
C.O. MULLUSK; C.O. FREDRICK; C.O. GABENGER;
C.O. COKROFT; R.N. DARREN FOSTER;
C.O. BRINKMEN; C.O. JONES; R.N. MARIAN
HARTMAN; C.O. PEAK; C.O. FINNELL;
C.O. BELZ Sr.; Sgt. BLOYER; C.O. LEFTLER;
C.O. BELZ Jr.; R.N. DEBORAH CAMPELL; and
WDOC Secretary RICK RAEMISCH,

                             Defendants.

1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Jackie Carter, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, has brought this civil complaint alleging that staff at the Columbia Correctional Institution and Wisconsin Secure Program Facility have violated his Eighth Amendment rights against cruel and unusual punishment. Also, he seeks leave to proceed in forma pauperis. I dismissed plaintiff's original complaint because his vague allegations violated Fed. R. Civ. P. 8 and 20. Now plaintiff has filed an amended complaint. I conclude that plaintiff's amended complaint continues to violate Rule 8 and possibly Rule 20 as well. In addition, because plaintiff has struck out under 28 U.S.C. § 1915(g), he is disqualified from proceeding in forma pauperis on claims other than those containing allegations that he is in imminent danger of serious physical harm. Therefore, I will allow plaintiff a final opportunity to amend his complaint and give him the chance to explain how his claims against staff at the Columbia Correctional Institution qualify under the imminent danger exception.

## DISCUSSION

1. Fed. R. Civ. P. 8 and 20

As is the case with many of plaintiff's filings in his several cases currently before the court, plaintiff's amended complaint contains extremely vague claims that staff at the

2

Colombia Correctional Institution and Wisconsin Secure Program Facility "abused" him and "subjected him to torture," but he does not provide the names of the individual defendants who abused him or explain what these defendants actually did to abuse him. Also, plaintiff gives the names of officials who "allowed" staff to abuse him but provides very little explanation about how each of these officials knew about plaintiff's abuse and failed to act.

As I have previously explained to plaintiff, under Fed. R. Civ. P. 8, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the "notice pleading" of Rule 8 does not require "detailed factual allegations" supporting each element of a claim, it is not enough for a pleader to make "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). The pleader must provide specific allegations that, if true, make plaintiff's claim for relief more than speculative, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). I will dismiss plaintiff's amended complaint because it continues to violate Rule 8, but I will give him a final chance to submit a complaint that complies with the rule. Plaintiff should draft his second amended complaint as if he is telling a story to people who know *nothing* about his situation. Someone reading the complaint should be able to answer the following questions:

- What are the *facts* that form the basis for plaintiff's claims?
- What did each defendant do that makes him liable for violating plaintiff's rights?

3

• How was plaintiff injured by a particular defendant's conduct?

It is particularly important that plaintiff give the names of the defendants who he claims abused him; it is not enough for him to claim he "was abused" by unnamed staff. If plaintiff does not know the names of the defendants who abused him, he should add "John Doe" defendants to the caption and include allegations explaining that he does not know the names of those who abused him.

Because plaintiff seeks relief against staff members at two different Wisconsin prisons, it is extremely likely that plaintiff's complaint also violates Fed. R. Civ. P. 20, which limits proper claims in a single complaint to those "arising out of the same transaction, occurrence, or series of transactions or occurrences." If plaintiff files a second amended complaint that complies with Rule 8 but violates Rule 20, I will sever the separate claims into separate lawsuits. At that point, plaintiff will have to decide which of the separate lawsuits he wishes to pursue.

I will give plaintiff until April 2, 2010 to file his second amended complaint. If his complaint again fails to comply with Rule 8, I will dismiss his claims with prejudice for failure to state a claim upon which relief can be granted. If plaintiff fails to submit a proposed amended complaint by April 2, 2010, I will direct the clerk of court to close the case.

4

2. Imminent danger

There is another hurdle for plaintiff to overcome in order to proceed in forma pauperis in this case. On at least three prior occasions, plaintiff was denied leave to proceed in forma pauperis in lawsuits that were legally frivolous. Carter v. Frank, 07-cv-713-bbc (W.D. Wis. June 4, 2008); Carter v. Raemisch, 09-cv-75-wcg (E.D. Wis. Mar. 3, 2009); and Carter v. Huibregtse, 09-427-bbc (W.D. Wis. Mar. 3, 2010). Therefore, under 28 U.S.C. § 1915(g), plaintiff may proceed in forma pauperis only on claims alleging that he is in imminent danger of serious physical injury.

"The 'imminent danger' exception to § 1915(g)'s 'three strikes' rule is available 'for genuine emergencies,' where 'time is pressing' and 'a threat ... is real and proximate.'" Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (quoting Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the court considers his request for leave to proceed in forma pauperis. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003).

Plaintiff is attempting to bring claims against staff at the Columbia Correctional Institution and Wisconsin Secure Program Facility. Plaintiff is no longer incarcerated at the Wisconsin Secure Program Facility, so his claims against staff members there do not qualify under the imminent danger exception. It is unclear whether plaintiff's claims against staff at the Columbia Correctional Institution could qualify under the imminent danger exception

5

because his claims refer to events that took place in early 2009, before his current stint there. (He was transferred to the Wisconsin Secure Program Facility in early 2009 and then transferred back to the Columbia Correctional Institution in August 2009.) Because it is likely that the Columbia defendants are still at the institution, it is possible that plaintiff continues to face abuse at the present time. However, if any of those claims against these defendants are to qualify under the imminent danger exception, plaintiff will have to amend his complaint to explain what imminent danger he faces at present.

Even if none of plaintiff's claims qualify under the imminent danger exception, he is free to pursue his case as a paying litigant. To do so, he must submit a check or money order made payable to the clerk of court for $338.70, which is the remainder of the $350 filing fee he owes in this case. In the usual case, I would set a deadline for plaintiff to submit these funds, but because it is still unclear whether he can state an imminent danger claim, I will wait until I receive plaintiff's second amended complaint before setting a deadline for payment of the full filing fee.

ORDER

IT IS ORDERED that

1. Plaintiff's proposed amended complaint, dkt. #16, is DISMISSED without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 8.

2. Plaintiff will have until April 2, 2010 to file a second proposed amended complaint. If his complaint again fails to comply with Rule 8, I will dismiss his claims with prejudice for failure to state a claim upon which relief can be granted. If plaintiff fails to submit a proposed amended complaint by April 2, 2010, I will direct the clerk of court to close the case.

Entered this 12th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge