IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACKIE CARTER,

                    Plaintiff,                      ORDER

v.

                                                09-cv-437-wmc

DYLAN RADTKE, DAVID LIPINSKI,
LORI ALSUM, STEVE HELGERSON,
DARCI BURRENSON, RICK RAEMISCH,
GREGORY GRAMS, JAMES GREER,
JANEL NICKEL and DALIA SULIENE,

                    Defendants.

---

      Plaintiff Jackie Carter is proceeding in this case on claims that prison staff are acting with deliberate indifference to serious medical needs concerning his feet, rectum and pain management. The court held a telephone status conference on November 12, 2010 to determine how best to address Carter's motion for preliminary injunctive relief. Following the conference, defendants were ordered to respond to Carter's allegations that prison staff withheld medically-authorized shoes sent to him by his family, and that he had been denied necessary medical treatment for: (1) his feet, particularly access to appropriate footwear; (2) rectal problems, particularly ongoing bleeding issues; and (3) pain, particularly repeated, unjustified reductions in pain medications.

      Defendants initially submitted unsworn emails and now defendants have submitted a letter from defendant Janel Nickel, security director of the Columbia Correctional Institution, stating that Carter has (1) "special order" velcro shoes to use while he is in segregation and (2) "approved personal athletic shoes" (defendants do not explain where these shoes came from) for use when he is not in segregation. In addition, defendants provide an affidavit from defendant Dr. Dalia Suliene detailing Carter's recent medical history. She states that there has been no

documented history of Carter's alleged rectal bleeding, but that Carter suffers from numbness and pain in his hands and feet. Further, she states that Carter has refused to attend several medical appointments, but that he has now started wearing his shoes and is willing to go to his scheduled appointments (it is unclear which shoes Carter wears to appointments, but Suliene states that Carter has been allowed to wear her personal shoes when being transported out of the prison). Finally, she states that Carter's feet have not been injured by wearing the velcro shoes in segregation.

Suliene's affidavit contradicts many of the representations made by Carter at the November 12, 2010 telephone conference, so he will be given a chance to respond in writing before the court rules on his motion for preliminary injunctive relief. Carter will be given until December 6, 2010 to submit a sworn affidavit responding to Suliene's affidavit. The court is aware that Carter's previous filings in this and other cases have been unfocused and difficult to understand. Carter should therefore understand that he will have to submit his response in the following form:

- Carter must respond individually to each numbered paragraph in Suliene's affidavit, stating whether he agrees or disagrees with Suliene's statement. If he disagrees, he should set forth those facts indicating his reasons for disagreeing.

- Each of Carter's responses should be numbered so that each of his responses corresponds to Suliene's affidavit. For example, Carter's paragraph no. 1 should respond to Suliene's paragraph no. 1, etc.

- Carter must submit this document under oath. This means that he will have to declare under penalty of perjury that what he is saying is true.

- Carter should take care to respond as clearly and concisely as possible.

Defendants will also be required to address an issue unanswered by their submissions. Defendants will have until December 6, 2010 to provide an affidavit explaining whether it would be possible to provide Carter with his "approved personal athletic shoes" (1) in segregation by removing the shoelaces; or (2) when he leaves the segregation unit for medical appointments at the Health Services Unit or outside the prison.

ORDER

IT IS ORDERED that:

(1) Plaintiff will have until December 6, 2010 to submit to the court a response to defendant Suliene's affidavit, following the instructions given in this order.

(2) Defendants will have until December 6, 2010 to submit an affidavit explaining whether it would be possible to provide plaintiff with his other set of shoes under either or both of the circumstances described above.

Entered this 24th day of November, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge